[No. B201251. Second Dist., Div. One. Oct. 29, 2007.]

COMMISSION ON JUDICIAL PERFORMANCE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ERIC DAVIDSON, Real Party in Interest.

618

**COUNSEL**

Andrew Blum for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**VOGEL, Acting P. J.**—A few months after Eric Davidson was charged with four felony counts, the trial court (Hon. Keith L. Schwartz) denied his pro se motion to suppress evidence. (Pen. Code, § 1538.5.) In response, Davidson complained to the Commission on Judicial Performance about Judge Schwartz. The case was thereafter assigned to another judge (Hon. Antonio Barreto, Jr.) who presided over a jury trial at which Davidson was convicted as charged. Davidson moved for a new trial, filed a *Pitchess* motion (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]) in which he sought information from the Commission on Judicial Performance about all complaints filed against Judge Schwartz, and served a subpoena duces tecum on the Commission ordering it to produce the same information.[1] Over the Commission's objection that the requested records are confidential, the trial court denied the Commission's motion to quash the subpoena and ordered it to produce for an in camera hearing "any declaration or statement made by Judge Schwartz in response to [any] inquiry made by [the] Commission [in response to Davidson's] complaint about Judge Schwartz."

In response to the Commission's petition for a writ of mandate, we stayed the trial court's order and issued a *Palma* notice (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893]) to advise the parties we were considering the issuance of a peremptory writ in the first instance (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240–1241 [82 Cal.Rptr.2d 85, 970 P.2d 872]). No opposition was received, and we now

---

[1] Davidson was convicted of two counts of possessing a forged driver's license, and two counts of unlawfully using personal identification, charges that arose out of a traffic stop. Davidson claims there never was a traffic offense, and that Judge Schwartz conspired with the arresting officer and the prosecutor to facilitate a sham trial (by denying Davidson's motion to suppress evidence).

issue the writ as prayed, explaining that the Commission's nonpublic records are not subject to a *Pitchess* motion.[2]

## DISCUSSION

### A.

██ In *Pitchess v. Superior Court, supra,* 11 Cal.3d at pages 538, 540, our Supreme Court explained that, even upon a showing of good cause, the right of an accused to obtain discovery is not absolute and that, in criminal cases, the trial court has wide discretion to protect against the disclosure of information that might unduly hamper the prosecution or violate some other legitimate governmental interest. When the accused seeks discovery of official information (typically complaints made to a law enforcement agency about its officers), the official information privilege created by Evidence Code section 1040 represents the exclusive means by which a public entity may assert a claim of governmental privilege based on the necessity for secrecy.

As relevant to the Commission on Judicial Performance, Evidence Code section 1040 provides: "(a) As used in this section, 'official information' means information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made. [¶] (b) A public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing official information, if the privilege is claimed by a person authorized by the public entity to do so and: [¶] (1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state; or [¶] (2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice . . . . In determining whether disclosure of the information is against the public interest, the interest of the public entity as a party in the outcome of the proceeding may not be considered."

### B.

██ The Commission on Judicial Performance is a constitutional body vested with the ultimate power to censure, remove, or retire judges, after which the judge may petition the Supreme Court for review of the Commission's decision. (Cal. Const., art. VI, §§ 8, 18, subd. (d).) More

---

[2] It is clear from the reporter's transcript of the hearing at which the order was made that the parties understood this petition would be filed and presumed the record made in the trial court would be sufficient to present both sides of the issue. It is.

specifically, subdivisions (i)(1) and (j) of section 18 of article VI of the California Constitution give the Commission the power to make rules for the investigation of judges, which rules "may provide for the confidentiality of complaints to and investigations by the commission" provided only that, when the Commission institutes formal proceedings, the notice of charges, the answer, and all subsequent papers and proceedings are open to the public for all formal proceedings.[3] (See *The Recorder v. Commission on Judicial Performance* (1999) 72 Cal.App.4th 258, 262–263 [85 Cal.Rptr.2d 56].)

The confidentiality of the Commission's investigations is based on sound public policy. Confidentiality encourages the filing of complaints and the willing participation of citizens and witnesses by providing protection against possible retaliation or recrimination. It protects judges from injury which might result from the publication of unexamined and unwarranted complaints by disgruntled litigants or their attorneys, or by political adversaries, and preserves confidence in the judiciary as an institution by avoiding premature announcement of groundless claims of judicial misconduct or disability. Confidentiality is essential to protecting the judge's constitutional right to a private admonishment if the circumstances so warrant, and when removal or retirement is justified by the charges, judges are more likely to resign or retire voluntarily without the necessity of a formal proceeding if the publicity that would accompany such a proceeding can thereby be avoided. Leading writers have recognized that confidentiality of investigations and hearings by the Commission is essential to its success. (*Mosk v. Superior Court* (1979) 25 Cal.3d 474, 491–492 [159 Cal.Rptr. 494, 601 P.2d 1030]; see *Adams v. Commission on Judicial Performance* (1994) 8 Cal.4th 630, 646–648 [34 Cal.Rptr.2d 641, 882 P.2d 358].)

■ To these ends, the Commission's rule 102 provides that, except as stated in that rule, all nonpublic papers and proceedings are absolutely confidential.[4] ■ These are the exceptions: If public reports concerning a Commission proceeding result in substantial unfairness to the judge involved in the proceedings, the Commission may issue a statement of clarification. (Rule 102(d).) Upon completion of an investigation, the Commission may disclose to the complainant that it has found no basis for action, or determined not to proceed, or taken appropriate corrective action, "the nature of which shall not be disclosed," or has publicly admonished, censured, removed, or retired the judge. (Rule 102(e).) When the Commission receives information concerning a threat to the safety of any person, that information may be provided to the person threatened and to law enforcement. (Rule 102(f).) Information revealing possible criminal conduct by a judge or former judge may be released to prosecuting authorities. (Rule 102(g).) When a

---

[3] There have been no public formal proceedings involving Judge Schwartz.

[4] All rule references are to the Rules of the Commission on Judicial Performance.

judge or former judge consents to the release of records to a public entity, those records may be released. (Rule 102(h).) Upon written request, information may be disclosed to appointing authorities (governors, the President, the Commission on Judicial Appointments). (Rule 102(i), (j).) There may be limited disclosure to the State Bar and the Chief Justice about retired judges, and to presiding judges about incapacitated judges and about subordinate judicial officers who are the subject of complaints. (Rule 102(k), (l), (m), (n).)

■ None of these exceptions apply here, and there is no exception permitting disclosure to a trial court for in camera review or at all.

### C.

Davidson's *Pitchess* motion and subpoena duces tecum asked for all sustained complaints alleging that Judge Schwartz had engaged in any acts of judicial misconduct, including but not limited to the complaint Davidson himself had submitted to the Commission, plus the names and addresses of all the complaining parties, and the "full record of discipline imposed on Judge Schwartz as the result of any and all investigations resulting from any such sustained complaints of alleged judicial misconduct." Two hearings were held at which the trial court (Judge Barreto) viewed the Commission's records as relevant because there "might be a declaration from Judge Schwartz himself" that might "constitute an admission that the ruling [o]n the [Penal Code section] 1538.5 motion was based upon evidence outside of the record of [that] motion."

The trial court overruled the Commission's objection to an in camera review, and ordered it to disclose to the court under seal "any statement or declaration of Judge Schwartz [made in response to an inquiry by the Commission about Davidson's complaint] so that [the trial court could] review same to see if there's anything discoverable using the type of *Pitchess* rationale, whether or not there's anything that might be favorable to the defense in [its] effort to seek a new trial." The trial court acknowledged Judge Schwartz's right to be informed when and if disclosure was ordered, but held that he need not be notified about the court's proposed in camera review.

### D.

■ *Pitchess* does not apply to the Commission on Judicial Performance.

First, Evidence Code section 1040 represents the exclusive means by which a public entity may assert a claim of governmental privilege based on the necessity for secrecy (*Pitchess v. Superior Court, supra,* 11 Cal.3d at

p. 540), and Evidence Code section 1040 makes it clear that the Commission qualifies for the official records privilege.

Second, we know of no case applying the "relatively relaxed" *Pitchess* standards of discoverability to anything other than law enforcement personnel records where the privacy rights of individual officers in the contents of their personnel files must be balanced against a criminal defendant's ability to prepare his defense. (*People v. Gutierrez* (2003) 112 Cal.App.4th 1463, 1473 [6 Cal.Rptr.3d 138]; *People v. Mooc* (2001) 26 Cal.4th 1216, 1219–1220 [114 Cal.Rptr.2d 482, 36 P.3d 21]; *City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 81–84 [260 Cal.Rptr. 520, 776 P.2d 222].) Even under *Pitchess,* Evidence Code section 1040 prohibits the disclosure of confidential official records unless the need for disclosure outweighs the necessity for preserving the confidentiality of the information sought. (*Shepherd v. Superior Court* (1976) 17 Cal.3d 107, 123–125 [130 Cal.Rptr. 257, 550 P.2d 161], overruled on another ground in *People v. Holloway* (2004) 33 Cal.4th 96, 131 [14 Cal.Rptr.3d 212, 91 P.3d 164]; *Marylander v. Superior Court* (2000) 81 Cal.App.4th 1119, 1126 [97 Cal.Rptr.2d 439].)

Third, a rule allowing discovery of the Commission's nonpublic records would encourage mischief without a concomitant benefit to a criminal defendant. No prescience is needed to foresee the flood of unfounded complaints that would follow our endorsement of the trial court's unprecedented extension of *Pitchess.* Any defendant could then submit a real or imagined complaint to the Commission, after which he could demand disclosure of any document provided by the judge in response to the Commission's inquiry about the complaint—thereby making a mockery of the rationale for the Commission's confidentiality rules (to encourage willing participation by witnesses, candor by judges, and to protect judges from the injury that might result from the publication of unexamined and unwarranted complaints by disgruntled litigants or their attorneys, all of which are essential to the Commission's success). (*Mosk v. Superior Court, supra,* 25 Cal.3d at pp. 491–492.)

Fourth, the order directing the Commission to produce any statements made by Judge Schwartz accomplishes indirectly that which Davidson cannot do directly—that is, question Judge Schwartz about his thought processes in reaching his decision to deny Davidson's motion to suppress evidence. (Cf. *Chicago, B. & Q. Ry. Co. v. Babcock* (1907) 204 U.S. 585, 593 [51 L.Ed. 636, 27 S.Ct. 326] [jurors cannot be called, even on a motion for a new trial

in the same case, to testify to the motives and influences leading to their verdict]; *United States v. Morgan* (1941) 313 U.S. 409, 422 [85 L.Ed. 1429, 61 S.Ct. 999].)[5]

Fifth, courts in other states with similar commissions have rejected attempted encroachments into their confidentiality rules. (E.g., *Garner v. Cherberg* (1988) 111 Wn.2d 811 [765 P.2d 1284, 1288] [quashing state Legislature's subpoena duces tecum issued to the Commission on Judicial Conduct, finding that confidentiality of the commission's process was "essential to the preservation of fundamental judicial independence"]; *Matter of Stern v. Morgenthau* (1984) 62 N.Y.2d 331 [476 N.Y.S.2d 810, 465 N.E.2d 349, 353] [quashing grand jury's subpoena to state's Commission on Judicial Conduct, notwithstanding that discovery was in furtherance of a criminal investigation involving two judges because the "responsibilities of the Commission . . . transcend the criminal prosecution of individuals"].)

Finally, the trial court's in camera review is just as improper as disclosure to Davidson. Because the Commission's records are not discoverable by means of a *Pitchess* motion, any in camera review would be a wasted effort. More to the point, the superior court judge presiding over the proceedings in which the Commission's confidential records are requested has no more right to see the Commission's records than does any other member of the public. (But see Evid. Code, § 915, subd. (b).)

For these reasons, we conclude the Commission on Judicial Performance's records are confidential and are not subject to discovery by means of a *Pitchess* motion or subpoena duces tecum. (See *People v. Superior Court (Barrett)* (2000) 80 Cal.App.4th 1305, 1313–1315 [96 Cal.Rptr.2d 264] [a criminal defendant's discovery rights apply to the prosecution and agencies considered a part of the prosecution team, not to third parties].)

## DISPOSITION

The petition is granted, and a peremptory writ of mandate shall issue commanding the trial court to vacate its order of July 23, 2007, and issue new orders denying Davidson's *Pitchess* motion and quashing the subpoena duces

---

[5] When the Commission initiates an investigation, the judge is required by statute to provide information. (Gov. Code, § 68725; rule 104(a).) It stands to reason that the typical response to a charge of misconduct would include an explanation for the judge's reasoning, to make it clear why he did what he did.

tecum served on the Commission on Judicial Performance. Our stay is dissolved, effective on the day this opinion becomes final.

Rothschild, J., and Jackson, J.,[*] concurred.

On November 9, 2007, the opinion was modified to read as printed above.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.