Filed 2/5/26  Jahanshahi v. Commission on Judicial Performance CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SHAHROUZ JAHANSHAHI, | |
| Appellant, | G063713 |
| v. | (Super. Ct. No. 21STCP00443) |
| COMMISSION ON JUDICIAL PERFORMANCE, | O P I N I O N |
| Respondent. | |

Appeal from a judgment of the Superior Court of Los Angeles, Walter P. Schwarm, Judge. (Judge of the Orange Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed. Requests for judicial notice. Denied.

Shahrouz Jahanshahi, in pro. per., for Appellant.

Rob Bonta, Attorney General, Chris A. Knudsen, Assistant Attorney General, and Kenneth C. Jones, Deputy Attorney General, for Respondent.

*      *      *

Shahrouz Jahanshahi filed a third amended petition for writ of mandate, the operative petition, against the Commission on Judicial Performance (CJP). The petition stemmed from the CJP's summary denials of Jahanshahi's multiple complaints made against judicial officers. Jahanshahi asked the trial court to order the CJP to "adequately investigate" each filed complaint. Jahanshahi also alleged that his inability to appeal the CJP's denials violated his due process and equal protection rights. The trial court sustained the CJP's demurrer ruling that the CJP did not have a mandatory duty to investigate every complaint it receives; therefore, the trial court could not order it to do so. As to the constitutional challenges, the trial court concluded there was no due process violation because Jahanshahi did not allege a protected liberty or property interest and that there was no equal protection violation because Jahanshahi and judicial officers (who can appeal CJP decisions) are not similarly situated.

Jahanshahi appeals, raising the same arguments. We agree with the trial court in all respects and, therefore, affirm the judgment in favor of CJP.

FACTS

Code of Civil Procedure section 1085 provides a mechanism for an individual to seek an order compelling a public entity to perform a legal and ministerial duty. (Code Civ. Proc., § 1085, subd. (a); *Schmid v. City and County of San Francisco* (2021) 60 Cal.App.5th 470, 484–485.) Jahanshahi filed such a petition alleging that on "several occasions [he] filed a complaint

2

with the CJP" claiming that certain judges were "partial, biased, prejudiced, and [did] not follow[] [the] rule of the law against [him]." According to Jahanshahi's third amended petition, the operative petition, he "provided CJP with ample, undisputable evidence of [the judges'] misconduct . . . ." However, the CJP summarily denied each complaint. Per CJP rules, Jahanshahi could not appeal the denials.

Jahanshahi asked the trial court to order the CJP to "properly and adequately investigate the filed complaint[s]" and to hold that the CJP rules are unconstitutional. Specifically, Jahanshahi alleged it was unconstitutional for the CJP to permit a judge to appeal an adverse ruling but not a complainant. He alleged "there is no rule in CJP for the complain[ant] to seek review of denial of his or her complaint, but judges [can], and since preference is provided to judges and not the complainant, that is a violation of the due process clause of the law and equal protection clause of the Fourteenth Amendment . . . ."

CJP demurred, contending the trial court could not order it to perform a discretionary duty, the due process claim failed because the CJP did not deprive Jahanshahi of a property or liberty interest, and the equal protection challenge failed because disciplined judges and complainants are not similarly situated.

The trial court sustained the demurrer without leave to amend ruling that the CJP did not have a mandatory duty to investigate every complaint it received. The trial court also ruled the petition did "not sufficiently allege that [Jahanshahi] and the judicial officers . . . are similarly situated under the equal protection clause," and that Jahanshahi did not adequately allege a protected liberty or property interest of which the CJP deprived him.

3

In conjunction with the appeal, Jahanshahi filed four separate requests for judicial notice. The documents are primarily correspondence between himself and the CJP, CJP admonishments of judges, articles from the internet pertaining to judicial bias and ethics, training records for certain judges, and correspondence between himself and the courts. Because the documents are not necessary for the resolution of the issues on appeal, we decline to take judicial notice of them. (*Hughes Electronics Corp. v. Citibank Delaware* (2004) 120 Cal.App.4th 251, 266, fn. 13 ["As a general matter, judicial notice is not taken of matters irrelevant to the dispositive points on appeal"].)

## DISCUSSION

## I.

### JAHANSHAHI DOES NOT HAVE STANDING

As a threshold issue, we conclude Jahanshahi did not have standing to raise these claims in the first place. "'To have standing, a party must be beneficially interested in the controversy; that is, he or she must have "some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with the public at large."'" (*Gerawan Farming, Inc. v. Agricultural Labor Relations Bd.* (2019) 40 Cal.App.5th 241, 256.) "'The focus of the standing inquiry is on the plaintiff, not on the issues he or she seeks to have determined . . . .'" (*Id.* at p. 257.)

In his petition, Jahanshahi alleged he had standing based on "California's common law taxpayer standing doctrine and Code of Civil Procedure section 526a, which grants California taxpayers the right to sue government official[s] to prevent unlawful expenditures of taxpayer funds and taxpayer-financed resources."

California Code of Civil Procedure section 526a provides that a resident who is assessed for and is liable to pay a tax that funds a local agency has standing to restrain and prevent that agency's illegal expenditure of funds. (Code Civ. Proc., § 526a, subd. (a).) "Section 526a somewhat broadens the scope of claims that were permissible to the taxpayer in comparison to the common law, which allowed the taxpayer to sue 'in his [or her] representative capacity . . . only in cases involving fraud, collusion, ultra vires, or a failure on the part of the governmental body to perform a duty specifically enjoined.'" (*San Bernardino County v. Superior Court* (2015) 239 Cal.App.4th 679, 686.) However, "under either Code of Civil Procedure section 526a or the common law, '[t]axpayer suits are authorized only if the government body has a duty to act and has refused to do so. If it has discretion and chooses not to act, the courts may not interfere with that decision.'" (*Ibid.*)

The CJP "is a constitutional body vested with the ultimate power to censure, remove, or retire judges, after which the judge may petition the Supreme Court for review of the Commission's decision." (*Commission on Judicial Performance v. Superior Court* (2007) 156 Cal.App.4th 617, 621.) The California Constitution gives the CJP the power to make rules for the investigation of judges. (Cal. Const., art. VI, § 18, subd. (i).) Pursuant to this authority, the CJP, as relevant here, instituted rule 109 which states that "[u]pon receiving a written statement alleging facts indicating that a judge is guilty of willful misconduct in office, persistent failure or inability to perform the duties of office . . . the [CJP] may: [¶] (1) In an appropriate case, determine that the statement is obviously unfounded or frivolous and dismiss the proceeding; [or,] [¶] (2) [if sufficient facts are determined,] make a preliminary investigation to determine whether formal proceedings should be

5

instituted and a hearing held." (Rules of Com. on Jud. Performance, rule 109, subd. (a).)

By the plain terms of rule 109, the CJP has the discretion to decide whether to investigate the allegations raised in a complaint. We cannot interfere with that discretion. As such, Jahanshahi did not have standing to bring this action.

## II.

### THE PETITION DOES NOT ALLEGE SUFFICIENT FACTS TO WARRANT RELIEF

Even assuming Jahanshahi had standing, the trial court correctly sustained the CJP's demurrer.

"A proceeding in mandamus is generally subject to the general rules of pleading applicable to civil actions. [Citations.] 'Therefore, it is necessary for the petition to allege specific facts showing entitlement to relief . . . . If such facts are not alleged, the petition is subject to general demurrer [citation] or the court is justified in denying the petition out of hand.' [Citation.]" (*Chapman v. Superior Court* (2005) 130 Cal.App.4th 261, 271.)

"A demurrer may be sustained without leave to amend where the facts are not in dispute and the nature of the plaintiff's claim is clear but, under substantive law, no liability exists. [Citation.] On appeal from a judgment of dismissal after an order sustaining a demurrer without leave to amend, we examine the [petition] de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory. [Citation.] We give the [petition] a reasonable interpretation and treat the demurrer as admitting all material facts properly pleaded, but we do not assume the truth of contentions, deductions, or conclusions of law. [Citation.]" (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.)

6

To defeat a demurrer, Jahanshahi's petition must have, at a minimum, set forth sufficient facts demonstrating that the CJP was under an obligation to perform a mandatory duty and that it refused to perform that duty. (*Pich v. Lightbourne* (2013) 221 Cal.App.4th 480, 490.) Here, Jahanshahi has not done so. Instead, his complaint is that the CJP erred in not "properly and adequately investigat[ing] [his] filed complaint[s] . . . ." But, as discussed *ante*, the CJP was under no mandatory duty to do so—it had the discretion to decide which complaints called for additional investigation.

Next, Jahanshahi, in his petition, claims his due process rights were violated because the CJP rules do not permit him to appeal summary denials. In order for a due process challenge to have merit, the person alleging the violation must have been deprived of a protected interest in property or liberty. (*Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 214.) Here, Jahanshahi did not allege the deprivation of a protected property or liberty interest. Instead, he simply stated the CJP's procedures "inherently violat[ed]" his due process rights. This is insufficient. (*Ibid*.)

Finally, Jahanshahi argues the CJP rules violate his equal protection rights because he, unlike judicial officers subject to CJP discipline, cannot appeal CJP decisions. Jahanshahi claims this "classification (judge vs complainant) is not rationally related to the stated purpose of the CJP: promoting accountability and public trust." We disagree.

"The equality guaranteed by the equal protection clauses of the federal and state Constitutions is equality under the same conditions, and among persons similarly situated." (*Adams v. Commission on Judicial Performance* (1994) 8 Cal.4th 630, 659.) As Jahanshahi concedes, his claim is

7

subject to rational basis review. "To mount a successful rational basis challenge, a party must "'negative every conceivable basis'" that might support the disputed statutory disparity. [Citations.] If a plausible basis exists for the disparity, courts may not second-guess its "'wisdom, fairness, or logic.'" [Citations.]" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.)

Here, it is true that complainants cannot appeal CJP decisions, but a judge can when the CJP issues a decision adverse to the judge. (Cal. Const. art. VI, § 18, subd. (d).) There is a rational basis to treat disciplined judges differently than complainants. Judges who could be removed or otherwise disciplined by the CJP have a significant personal interest in these decisions. On the other hand, the CJP has no authority to discipline or punish a complainant. As such, there is a rational basis to not afford complainants an opportunity to appeal.

DISPOSITION

The judgment is affirmed. CJP to recover its costs incurred on appeal.


SANCHEZ, ACTING P. J.

WE CONCUR:


GOODING, J.


BANCROFT, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9